IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAULA M. ROE-MIDGETT,
**Individually and as Collective Action and**
**Class Action Representative and**
PAUL DECKER, **Individually and as Collective Action and**
**Class Action Representative**

**Plaintiffs,**

v.

CC SERVICES, INC.,

**Defendant.**                                                                                          **No. 04-CV-4051-DRH**

## ORDER

**HERNDON, District Judge:**

        Pending before the Court is Plaintiffs' August 26, 2005 motion for extension of time to respond to Defendant's motion for summary judgment and issuance of notice of pendency of overtime claim with second revised consent deadline (Doc. 72). Specifically, Plaintiffs maintain that their class counsel shall be afforded the opportunity to poll all class members about their actual job duties performed as well and to inform them of the assertions raised in the motion for summary judgment. Plaintiffs' class counsel contends that by not having the opportunity to poll all class members, he will not be able to obtain the facts

necessary to justify Plaintiffs' opposition to summary judgment as required by Federal Rule of Civil Procedure 56. Further, Plaintiffs assert that a revised notice regarding the collective action needs to be resent. Defendants filed their opposition to the motion on August 31, 2005 (Doc. 73). Defendants argue that the need to poll the class members is not a sufficient basis on which to grant additional time. Defendants maintain that Plaintiffs have in their possession all information necessary to respond to the motion – through discovery or the named Plaintiffs. Further, Defendants contend that there is no basis to send another revised notice, in part, because they assert that the second notice went to employees in Minnesota, North Dakota and Wisconsin.

The Court agrees with Defendant and finds that Plaintiffs do not need to "poll" all of the class members to respond to the motion for summary judgment. Further, the Court finds that with contradictory assertions about the notice, but with neither party providing corroborating material or affidavits, the Court cannot make a reasoned decision. What the Court knows is that two notices have been sent when one was originally contemplated and matters should have been in order prior to the first one. So the Court is not inclined to issue another one now so as to avoid further confusion.

Accordingly, the Court **DENIES** Plaintiffs' motion for extension of time to respond to Defendant's motion for summary judgment and issuance of notice of pendency of overtime claim with second revised consent deadline (Doc. 72). The Court **ALLOWS** Plaintiffs up to and including September 9, 2005 to respond to the

motion for summary judgment.

**IT IS SO ORDERED.**

Signed this 2nd day of September, 2005.

<u>/s/    David RHerndon</u>
**United States District Judge**