IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PAULA M. ROE-MIDGETT,**
**Individually and as Collective Action and**
**Class Action Representative and**
**PAUL DECKER, Individually and as Collective Action and**
**Class Action Representative**

**Plaintiffs,**

**v.**

**CC SERVICES, INC.,**

**Defendant.**                                                                 **No. 04-CV-4051-DRH**


## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

        This matter comes before the Court on Plaintiffs' August 17, 2005 motion for reconsideration (Doc. 70). Plaintiffs move the Court to reconsider its August 10, 2005 Order denying Plaintiffs' motion for leave to file a Second Amended Complaint (Doc. 69). Specifically, Plaintiffs believe that the Court denied the motion for leave due "to a misapprehension as to the status of the cause." (Doc. 70. p. 2). Plaintiffs argue that the Court should reconsider its Order because the timing of the filing of the motion for leave was directly related to: "(1) Defendant consistently failing to accurately and timely disclose to Plaintiffs' counsel the names of the CCSI employees in the represented classifications, which failure has resulted in extension

of the opt in date into September 2005 and has hindered Plaintiffs' ability to communicate with the members of the represented class to prepare Plaintiffs' case...." (Doc. 70, p. 3).  Plaintiffs further argue that "[t]he Court's assumption that delay in bringing its Second Amended Complaint is the fault of Plaintiffs is erroneous." (Doc. 70, p. 5).  Defendant opposes the motion (Doc. 71).  Based on the following, the Court denies the motion.

Strictly speaking, a motion to reconsider does not exist under the Federal Rules of Civil Procedure.  **Hope v. United States, 43 F.3d 1140, 1142 (7th Cir. 1994), cert. denied, 115 S. Ct. 2558 (1995).**  Despite this fact, the motions are routinely presented, and this Court has considered them if timely-filed.  If filed within ten days of the entry of a judgment in the case, the motions are construed as Rule 59(e) motions to alter or amend.  **See, e.g., *United States v. Gargano*, 826 F.2d 610, 611 (7th Cir. 1987)**.  **Rule 59(e)** permits parties to file, within ten days of the entry of a judgment, a motion to reconsider the judgment.  Motions for reconsideration under **Rule 59(e)** are designed "to correct manifest errors of law or fact or to present newly discovered evidence."  ***Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)**.  Such motions do not give a party the opportunity to *rehash* old arguments or to *present new* arguments "that could and should have been presented to the district court prior to the judgment." ***Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)(emphasis**

added)**).  Rather, a **Rule 59(e)** motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. ***LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986))**.  The decision of whether to grant or deny a **Rule 59(e)** motion "is entrusted to the sound judgment of the district court." ***In re Prince,* 85 F.3d 314, 324 (7th Cir. 1996)**.

Here, the Court finds that Plaintiffs neither have raised a manifest error of law or fact nor presented newly discovered evidence to warrant the Court to alter or amend its August 10, 2005 Order.  Plaintiffs' motion merely takes umbrage with the Court's ruling.  Moreover, Plaintiffs have not offered a reason why these arguments were not raised in its motion for leave.  Further, the Court is unpersuaded that leave to file a second amended complaint is appropriate in this matter.  Lastly, the Court notes that it did not have a "misapprehension" as to the status of the case when it entered its Order denying the motion for leave.  Accordingly, the Court **DENIES** Plaintiffs' motion for reconsideration (Doc. 70).

**IT IS SO ORDERED.**

Signed this 6th day of September, 2005.

/s/   David RHerndon
**United States District Judge**