### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PAULA M. ROE-MIDGETT, Individually
and as Collective Action and Class Action
Representative and PAUL DECKER,
Individually and as Collective Action
and Class Action Representative,**

**Plaintiffs,**

**v.**

**CC SERVICES, INC.,**

**Defendant.**                                               **No. 04-CV-4051-DRH**

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I.  Introduction and Procedural Background

Pending before the Court is Plaintiffs' motion to sever and remand (Doc. 89).  Specifically, Plaintiffs move the Court to sever and remand Count II of their First Amended Complaint, the Illinois Minimum Wage Law claims, because the state law claims substantially predominate over the claims contained in Count I, the Fair Labor Standards Act claims.  Defendant opposes the motion.  Based on the following, the Court grants the motion to sever and remand.

On January 30, 2004, Roe, on behalf of herself and all similarly situated individuals, filed a two-count complaint against Illinois Agricultural Association and CC Services, Inc. ("CC Services") in the Williamson County, Illinois Circuit Court

alleging violations of the Fair Labor Standards Act ("FLSA") (Count I) and the Illinois Minimum Wage Law ("IMWL") (Count 2) (Doc. 2).[1]  Specifically, Roe's complaint alleges that CC Services unlawfully classified her as exempt from overtime payments under Federal and State laws and failed and refuses to pay her and the putative class members overtime pay for overtime work.  Count I is a putative *collective* action under the FLSA and Count II is a putative *class* action under the IMWL.  On March 2, 2004, Defendants removed the case to this Court based on federal question jurisdiction, **28 U.S.C. § 1331**, and supplemental jurisdiction, **28 U.S.C. 1367** (Doc. 1).

On July 16, 2004, the Court denied Defendant's motion to dismiss (Doc. 39).  On August 10, 2004, Magistrate Judge Proud allowed Roe leave to file a First Amended Complaint which Roe filed on August 16, 2004 (Doc. 43).  The First Amended Complaint added Paul Decker as a name Plaintiff against CC Services (Doc. 43).  Count I alleges violations of the FLSA and Count II alleges violations of the IMWL.  On October 2, 2004, Plaintiffs filed a motion to certify a collective action of persons pursuant to the FLSA (Doc. 45).  On November 16, 2004, CC Services and Plaintiffs filed a joint stipulated certification of a collective action with respect to four classes: Material Damage Appraiser II ("MDA II") Field Claim Rep II (FCR II), Field Claim Rep III (FRC III) and Property Specialist I (PS I) (Doc. 49).  On July 18, 2005, Plaintiffs moved to amend their complaint to bring collective and class-action claims

---

[1]On June 25, 2004, the Court entered an Order granting Roe's motion to voluntarily dismiss without prejudice Illinois Agricultural Association as a Defendant (Doc. 38).

for three new named Plaintiffs and three new employee classifications (Doc. 59).  On August 10, 2005, the Court denied the motion for to amend (Doc. 69).

Now before the Court is Plaintiffs' motion to sever and remand (Doc. 89).  Specifically, Plaintiffs seek to sever and remand Count II, the IMWL claims, arguing that Plaintiffs' IMWL claims substantially predominate over the FLSA claims as significantly greater number of persons have an exclusive interest in the state claims and no interest in the federal claims.  Plaintiffs contend that Count II should be severed and remanded "[t]o serve the legitimate interests of *all* putative state class members..."   Defendant responds that the Court has properly exercised supplemental jurisdiction, that the state law claims do not substantially predominate over the FLSA claims and that the differences between the FLSA and the IMWL do not exist.

## II.  Analysis

A federal court's authority to exercise supplemental jurisdiction is governed by **28 U.S.C. § 1367(a)** which states:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**28 U.S.C. § 1367(a)**.

Here, the Court finds that the instant FLSA claims and the IMWL claims share a common nucleus of operative fact and that IMWL claims arise from the same

controversy, the payment of overtime hours, as does the FLSA claims.  The Court

also notes that the IMWL claims are contingent on the FLSA claims.  ***See Kennedy***

***v. Commonwealth Edison Co.*, 410 F.3d 365, 376 (7th Cir. 2005)(820 ILCS**

**105/4a(2)(E) making a violation of the IMWL contingent on establishing a**

**violation under the FLSA**).   The Court finds that the federal subject matter

jurisdiction covers the FLSA claims, and that therefore, the Court *may* exercise

supplemental jurisdiction over the IMWL claims.

Section 1367 provides exceptions, though, to supplemental jurisdiction,

and a district court may decline to exercise supplemental jurisdiction, subject to

section 1367(c).  Specifically, section **1367(c)** reads:

> The district courts may decline to exercise supplemental jurisdiction
> over a claim under subsection (a) if– (1) the claim raises a novel or
> complex issue of State law,  (2) the claim substantially predominates
> over the claim or claims over which the district court has original
> jurisdiction, (3) the district court has dismissed all claims over which
> it has original jurisdiction, or (4) in exceptional circumstances, there
> are other compelling reasons for declining jurisdiction.

**28 U.S.C. § 1367(c)**.

Here,  the  Court  finds  that  the  IMWL  class  claims  substantially

predominate over the FLSA claims as there is disparity of number of similarly

situated plaintiffs between the FLSA claims and the IMWL claims.  The IMWL claims

clearly outweigh the federal claims.  In the MDA II classification of the 39 Illinois

class members (assuming no class action "opt-outs"), only 2 people will be pursuing

a remedy solely under the FLSA with 3 people pursuing both the FLSA and the IMWL

claims; in the FCR II classification of the 85 Illinois class members (assuming no class action "opt-outs"), only 4 people will be pursuing a remedy solely under the FLSA with 11 people pursuing both the FLSA and the IMWL claims; in the FCR III classifications of the 49 Illinois class members (again assuming no class action "opt-outs"), only 2 people will be pursuing a remedy solely under the FLSA with 7 people pursuing both the FLSA and the IMWL claims and in the PS I classification of the 15 Illinois class members (assuming no class action "opt-outs"), only 1 person will pursuing the  a remedy under solely under the FLSA with 1 person pursuing both the FLSA and the IMWL claims.  The number of people with exclusive interest in their IMWL claims show a substantial predomination of the IMWL claims over the FLSA claims.  Thus, the heft of the claims before the Court would dramatically favor the state law claims.  While the Court agrees that the IMWL state law claims here do not present the same challenges as did the Pennsylvania state law claims in ***De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3rd Cir. 2003)**,[2] the Court finds that the predominance of the state claims alone favors remand of these claims. Furthermore, the Court recognizes that Illinois courts contemplate class action treatment for IMWL claims.  ***See, e.g. Gelb v. Air Con Refrigeration and Heating,***

---

[2]In ***De Asencio***, the FLSA claims were brought together with fair wage claims under state law, the Third Circuit observed that "the disparity in numbers of similarly situated plaintiffs may be so great that it becomes dispositive by transforming the action to a substantial degree, by causing the federal tail represented by a comparatively small number of plaintiffs to wag what is in substance a state dog." **342 F.3d at 311**.  The Third Circuit reversed the district court's exercise of supplemental jurisdiction over state wage claims, noting the presence of unresolved state law issues.

*Inc.*, **761 N.E.2d 265 (Ill. App. 2001)**.  And that the running of the statute of limitations with respect to all other class members may render the FLSA collective action unavailing to them.  ***See* 29 U.S.C. § 256 (for an individual not named in the complaint, his or her FLSA action is commenced on the date he or she consents to be a party plaintiff)**.  Therefore, the Court finds that judicial economy, convenience, fairness and comity favor remand of the state law claims.

### III.  Conclusion

Accordingly, the Court **GRANTS** Plaintiffs' motion to sever and remand (Doc. 89).  Pursuant to **28 U.S.C. § 1367(c),** the Court **SEVERS** and **REMANDS** Count II of the Second Amended Complaint to the Circuit Court of Williamson County, Illinois.

**IT IS SO ORDERED.**

Signed this 16th day of March, 2006.

/s/        David   RHerndon
**United States District Judge**